## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| 131 M Street, N.E., Washington, D.C. 20507 | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:26-cv-1824 |
| v. | ) ) ) | |
| PROPER VENTURES, LLC, | ) ) | **COMPLAINT** |
| 1225 19th Street NW, Suite 320 Washington, D.C. 20036, | ) ) ) | JURY TRIAL DEMAND |
| WSRZ PROPER, LLC, | ) ) | |
| 1225 19th Street NW, Suite 320 Washington, D.C. 20036 | ) ) ) | |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") brings this action against Defendant Proper Ventures, LLC ("Proper Ventures") and Defendant WSRZ Proper, LLC ("WSRZ Proper") (collectively "Defendants") under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, to correct unlawful sex discrimination against, and to provide appropriate relief to, Crystal Reyes-Mendoza ("Reyes-Mendoza"). As is alleged below, Defendants violated Title VII when they terminated Reyes-Mendoza because of her pregnancy.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

**PARTIES**

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant WSRZ Proper, a New York limited liability company, has been continuously doing business in Washington, D.C., and has continuously employed at least fifteen (15) employees.

5.      At all relevant times, Defendant WSRZ Proper has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6.      At all relevant times, Defendant Proper Ventures, a New York limited liability company, has been continuously doing business in Washington, D.C., and has continuously employed at least fifteen (15) employees.

7.      At all relevant times, Defendant Proper Ventures has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42

U.S.C. §§ 2000e(b), (g), and (h).

8.     At all relevant times, Defendant WSRZ Proper and Defendant Proper Ventures have operated collectively under the name "Proper 21."

9.     At all relevant times, Proper 21 has consisted of two restaurants and bars: one located at 1319 F St. NW, Washington, D.C. 20004 (the "F Street location") and the other at 2033 K St. NW, Washington, DC 20006 (the "K Street location").

10.     Defendant WSRZ Proper operates the K Street location.

11.     Defendant Proper Ventures operates the F Street location.

12.     At all relevant times, Defendant WSRZ Proper and Defendant Proper Ventures have comprised an integrated enterprise and/or single employer.

(a) Defendants are owned by the same individuals, William Strozier ("Strozier") and Robert Zahn ("Zahn").

(b) Defendants have the same registered agent.

(c) Defendants utilize common management personnel at both locations. For example:

i. Michael Basanta ("Basanta") was employed as the Director of Operations with responsibility for both WSRZ Proper's and Proper Ventures' respective locations. In his position, Basanta corresponded with vendors, handled payroll, and interacted with reviewers over email for both locations.

ii. Selam Sisay was employed as the Director of Sales and Events with responsibility for both WSRZ Proper's and Proper Ventures' respective locations. In her position, Sisay planned and coordinated private events for both locations, including managing contracts for those events and collecting payments, and was responsible for promoting events and driving sales for

3

both locations.

(d) Defendants regularly transfer employees, including managers, between Proper Ventures' and WSRZ Proper's respective locations. For example:

    i. Floor Manager Greg Wallerstein was transferred from Proper Ventures to WSRZ Proper in or around January 2024.

    ii. Reyes-Mendoza was transferred from Proper Ventures to WSRZ Proper in or around August 2022, and was transferred back to Proper Ventures in or around March or April 2023.

(e) Defendants maintain a common employee handbook which is issued to employees at each location and refers to workers at both locations as employees of "Proper 21."

(f) Defendants market the F Street and K Street locations using the same social media accounts and direct the public to contact both locations using the same email address, info@proper21.com.

(g) Workers at both the WSRZ Proper location and Proper Ventures location are issued company email addresses using the same "@proper21.com" domain.

## **CONDITIONS PRECEDENT**

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. More than thirty days prior to the institution of this lawsuit, Reyes-Mendoza filed a Charge of Discrimination with the EEOC alleging, *inter alia*, sex (pregnancy) discrimination in violation of Title VII.

15. On February 6, 2026, the EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated Title VII.

16. The EEOC's Letter of Determination invited Defendants to join with the EEOC in

4

informal methods of conciliation to endeavor to resolve the discrimination found to have occurred.

17. The EEOC provided Defendants with proposed terms for settlement and engaged in communications with Defendants concerning settlement.

18. The EEOC was unable to secure a conciliation agreement on terms acceptable to the Commission.

19. The EEOC issued Defendants a Notice of Conciliation Failure dated February 26, 2026.

**STATEMENT OF CLAIMS**

20. Defendants hired Reyes-Mendoza as a Floor Manager for Defendants' F Street location in August 2022.

21. Throughout her employment with Defendants, Reyes-Mendoza had satisfactory performance and was not subjected to discipline.

22. On or about August 29, 2022, Reyes-Mendoza was transferred from Defendants' F Street location to their K Street location, where she continued to perform the job duties of a Floor Manager, and also performed the job duties of a General Manager.

23. In or around March or April 2023, Reyes-Mendoza was transferred back to Defendants' F Street location, where she continued performing the job duties of a Floor Manager.

24. In or around April 2023, Reyes-Mendoza disclosed that she was pregnant to the General Manager of the F Street location, Eric St. Clair, and explained that her expected due date was mid-December 2023.

25. Shortly after disclosing her pregnancy, Reyes-Mendoza received a phone call from Strozier, one of Defendants' owners, who said that he had heard Reyes-Mendoza was pregnant.

26. During the call, Reyes-Mendoza confirmed to Strozier that she was pregnant and

that she planned to continue working until her due date in mid-December 2023.

27. Strozier disapproved of Reyes-Mendoza's intention to work through her pregnancy.

28. Strozier explained he wasn't comfortable with Reyes-Mendoza continuing to work the restaurant floor while several months pregnant and stated they would speak further the next time he was in the Washington, D.C. area.

29. After disclosing her pregnancy to Defendants, Defendants' owners Strozier and Zahn repeatedly asked Reyes-Mendoza when she would be going out on leave.

30. When Reyes-Mendoza reaffirmed that she planned to work until her due date, Strozier and Zahn resisted, pushing her to go on leave sooner.

31. Following months of Defendants pressuring her to take leave prior to her due date, Reyes-Mendoza relented and agreed to do so in November 2023.

32. Despite wanting to and being able to continue working, Reyes-Mendoza went out on leave in the beginning of November 2023, approximately six weeks before her expected due date.

33. Reyes-Mendoza submitted her Family Medical Leave Act paperwork to Defendants for approved leave and informed Defendants that she would be returning to work in mid-March 2024.

34. During her leave, managers at the K Street and F Street locations understood Reyes-Mendoza was on maternity leave and expected her to return.

35. On January 29, 2024, approximately a month after giving birth, Reyes-Mendoza emailed Strozier, Zahn, and Basanta regarding her return to work.

36. In the January 29, 2024 email, Reyes-Mendoza reiterated that "the original plan was to return mid March" and then asked for approximately two additional weeks of leave, stating, "I

6

had my daughter later than my expected due date, so I'm hoping I can start back April first and that it works for everyone." Reyes-Mendoza also inquired about whether she would have the same work tasks as before.

37. Strozier replied to Reyes-Mendoza's email that same day terminating her employment and directing her to look elsewhere for work.

38. Following the January 29, 2024, email correspondence, Defendants did not reach out to Reyes-Mendoza again regarding her employment or return to work.

39. Following the January 29, 2024, email correspondence, Strozier and Zahn told Basanta that Reyes-Mendoza would not be returning and instructed him to replace her.

40. Upon information and belief, in or about the time that Reyes-Mendoza inquired about returning from her maternity leave, Defendants began advertising for a management position online.

41. Following Reyes-Mendoza's termination, Defendants hired a male Floor Manager for Defendants' K Street location to perform duties similar to those previously performed by Reyes-Mendoza.

42. The new male Floor Manager began working on or about May 1, 2024.

**Count One: Termination in Violation of Title VII (42 U.S.C. § 2000e-2(a)(1))**

43. The EEOC hereby repeats and incorporates by reference the allegations in paragraphs 1–42.

44. On or about January 29, 2024, Defendants engaged in an unlawful employment practice in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as amended by the PDA, 42 U.S.C. § 2000e(k), when it terminated Reyes-Mendoza due to her sex (pregnancy).

45. The effect of the practices complained of above has been to deprive Reyes-Mendoza

7

of equal employment opportunities and to otherwise adversely affect her status as an employee on account her sex (pregnancy).

46.    The unlawful practices complained of above were intentional.

47.    The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Reyes-Mendoza.

48.    As a result of Defendants' unlawful conduct, Reyes-Mendoza has suffered damages, including, but not limited to, lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, and other actual pecuniary and non-pecuniary damages.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, assignees, and all persons in active concert or participation with Defendants, from engaging in any employment practice that discriminates on the basis of sex (pregnancy), including terminating employees on the basis of sex (pregnancy).

B.    Order Defendants to institute and carry out policies, practices and programs that provide equal employment opportunities for women and pregnant employees, and which eradicate the effects of Defendants' past and present unlawful employment practices.

C.    Order Defendants to make Reyes-Mendoza whole by providing appropriate back pay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above.

D.    Order Defendants to make Reyes-Mendoza whole by providing compensation for

past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

        E.      Order Defendants to make Reyes-Mendoza whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be determined at trial.

        F.      Order Defendants to pay Reyes-Mendoza punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

        G.      Grant such further relief as this Court deems necessary and proper in the public interest.

        H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                    Respectfully submitted,

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION

                    CATHERINE L. ESCHBACH
                    Acting General Counsel

                    CHRISTOPHER LAGE
                    Deputy General Counsel

                    <u>/s/ Debra M. Lawrence</u>
                    DEBRA M. LAWRENCE
                    Regional Attorney
                    MD Bar No. 04312

                    <u>/s/ Thomas D. Rethage</u>
                    THOMAS D. RETHAGE
                    Acting Assistant Regional Attorney

9

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
thomas.rethage@eeoc.gov
Phone: (267) 589-9756
Fax: (215) 440-2606
PA Bar No. 203524

/s/ Clare J. Horan
CLARE J. HORAN
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
clare.horan@eeoc.gov
Phone: (267) 589-9769
Fax: (215) 440-2606
MD Bar No. 2001060014

Date: May 27, 2026